Fbahk, J. P.
(dissenting). I concur in part and dissent in part from the decision of the majority. As there was no express testimony by defendant that his order of the securities from plaintiff was, at the time of the order, conditioned upon the transaction being consummated on a C. O. D. basis and, in view of plaintiff’s denial of such an agreement, the dismissal of the complaint was improper. Further, there was no proof of *453 any written objection by defendant to the confirmation sent to him by plaintiff. Upon the record presented, I concur in the determination that judgment be reversed and judgment directed for plaintiff.
However, the trial testimony also reveals plaintiff’s failure, indeed its refusal, to mitigate damages. As the majority properly observes, “ The relation between the customer and the broker, after the excution of the customer’s order, became one of debtor and creditor as to the amount advanced by the broker, and the commissions, and pledgor and pledgee as to the stock itself.” (Pistell, Dean & Co. v. Obletz, 232 App. Div. 313, 316 [4th Dept., 1931].) It is true that one of the remedies available to the broker-creditor upon the buyer’s default in payment, is to resell the stock as an agent for the buyer and thereafter recover as damages the difference between the contract price and the net amount received on resale. It is equally true that the buyer, as pledgor, had the right “ to redeem the stock from the pledge by paying his debt”. (Pistell, Deans & Co. v. Obletz, supra, p. 316.) Notwithstanding defendant’s failure to effect payment within the five-day period specified in Federal Beserve Board regulations, plaintiff did not resell the stock until 12 days after the due date for'payment. Standing uncontradicted in the record is defendant’s assertion that he offered to pay the full purchase price, and that offer continued to the date of the .sale by plaintiff for defendant’s account. Indeed, defendant assertedly made an actual tender of the total purchase price by bank teller’s check on the very date plaintiff resold the stock, which was declined, plaintiff demanding a certified check or an escrow arrangement as the only alternatives to a liquidation of defendant’s position. Plaintiff’s proceeding with the sale on the open market, at a certain loss, was improper under the circumstances. As pledgee, it unreasonably prevented redemption of the stock from the pledge. As creditor, it failed to mitigate its damages (see 13 N. Y. Jur., Damages, § 27 et seq). That plaintiff should also be awarded, as damages herein, commissions “ earned ” for effecting the unnecessary sale, seems, under the particular circumstances presented, to be unconscionable. The award of any more than nominal damages to plaintiff is unwarranted. Accordingly, I vote to reverse the judgment on appeal without costs and to direct judgment for plaintiff in the amount of $1, with costs.
Lupiano and Quinn, JJ., concur in Per Curiam opinion; Frank, J. P., dissents, in part, in memorandum.
Judgment reversed, etc.